**PEPSICO, INC., Plaintiff-Appellant,**

v.

**SWAN, INC., Defendant-Appellee.**

**No. 1219, Docket 82–7170.**

United States Court of Appeals, Second Circuit.

Submitted March 22, 1983.

Decided Oct. 28, 1983.

Scully, Scott, Murphy & Presser, Garden City, N.Y., for plaintiff-appellant.

Rosenman Colin Freund Lewis & Cohen, Steven S. Miller, New York City, Bruce J. Shaine, New York City, of counsel, for defendant-appellee.

Before KAUFMAN and WINTER, Circuit Judges and WARD, District Judge.*

---

* Hon. Robert J. Ward, of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM:

Before us is a motion for costs pursuant to Fed.R.App.P. 39. Section (a) of the rule provides that "if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered". Section (c) directs that:

the cost of printing, or otherwise producing necessary copies of briefs, appendices, and copies of records authorized by Rule 30(f) shall be taxable in the court of appeals at rates not higher than those generally charged for such work in the area where the clerk's office is located.

The appellee, Swan, Inc. ("Swan") has petitioned for specified costs to be taxed against the appellant, PepsiCo, Inc., ("PepsiCo") since the judgment of the district court in favor of Swan was affirmed.

The petition for costs in this case presents a question sufficiently novel to warrant review by the panel which decided this appeal. Swan printed and reproduced its appellate brief by means of a computerized work processor in the offices of its attorneys. This process entailed transcribing the brief into special optical scanning paper, from which it was read by an optical scanner and fed into a computer memory bank, and then recording it on a floppy disc. The disc was used to display the material on a screen, so that corrections, deletions, and insertions could be made prior to printing. The material was then printed by the computer as a finished product in titan legal ten form print. The main advantage for attorneys of a word processing system is the ease with which changes can be made in the text without having entire pages or sections of the brief retyped by secretaries or reset by a commercial printer. Use of a

word processing system frees counsel from reliance on the conventional typesetter and printer. It is recognized as a valuable time-saving and cost-effective device in busy law offices both large and small.

Swan argues that the use of a computerized word processing system to produce appellate briefs and appendices is preferable to traditional commercial printing in that it decreases the cost of litigation, and that costs incurred as a result may be taxed under Rule 39(c). We agree.

The language of Rule 39(c) is expansive and contemplates the recovery of costs incurred through use of reproduction methods other than traditional commercial printing to produce appellate materials. The cost of the word processing method compares more than favorably with the cost of traditional typesetting and printing.[1]

PepsiCo argues that taxation of word processing costs unfairly imposes a portion of the overhead capital cost of purchasing the word processing system on the unsuccessful litigant since that cost is no doubt recouped in client charges for use.[2] But costs incurred through traditional printing methods are also recouped in client charges. The commercial printer may employ a word processor or a printing press and recapture a portion of the cost of that system in printing charges, which are then passed on through counsel to the client. Such charges are unquestionably recoverable as costs under Rule 39(c). The issue is thus the narrow question of whether expenses of reproduction which are clearly recoverable as costs when a commercial printer is used are also recoverable when incurred through in-house methods. We hold they are.

1. The supplemental affidavit of Steven S. Miller informs us that if Swan's appellate materials had been printed by the traditional printing method, the cost would have been between $1,652.40 and $2,937.00, depending on the commercial printer used. The cost of printing on counsel's word processor as listed in the submitted bill of costs is $1,324.80, a significant saving over the costs of traditional methods.

PepsiCo's claim that Swan's total cost of traditional printing would have been $188.00 is

based on the price of manual typing followed by xerox duplication, the cheapest of all reproduction methods. However, printed briefs provide a sharper and clearer image, thereby enhancing readability, and litigants are not required to utilize the cheapest method of production where quality can be improved.

2. Swan does not seek reimbursement for transcription onto the optical scanner, a labor cost regarded as office overhead.

Motion for costs granted. The Clerk shall draft the appropriate order.