**CTS CORPORATION, Appellee,**

v.

**PIHER INTERNATIONAL CORPORATION and Piher Sociedad Anonima, Appellants.**

**Appeal Nos. 83–1119, 83–1120, 83–1146 and 83–1147.**

United States Court of Appeals, Federal Circuit.

March 15, 1984.

R.A. Blackstone, Jr., Chicago, Ill., argued for appellants. With him on brief was Richard R. Trexler, Chicago, Ill.

Walther E. Wyss, Chicago, Ill., argued for appellee. With him on brief were Robert L. Rohrback, Joseph Krieger and Larry J. Palguta, Chicago, Ill.

Before KASHIWA and SMITH, Circuit Judges, and WISDOM,* Senior Circuit Judge.

### ORDER

KASHIWA, Circuit Judge.

Appellee, the prevailing party on appeal, moves for reimbursement of costs incurred

---

* The Honorable John Minor Wisdom, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

from "word processor charge" in the amount of $580.00. Appellee cites *Pepsi-Co, Inc. v. Swan, Inc.,* 720 F.2d 746 (2d Cir.1983), for this proposition. Appellants oppose this motion. After careful consideration of the parties' contentions, we hereby deny appellee's motion.

Since this court has adopted the rules enunciated in the Federal Rules of Appellate Procedure unless modified, the question of costs is governed by Fed.R.App.P. 39. Rule 39, in pertinent parts, states: *(c) Costs of Briefs, Appendices, and Copies of Records.* Unless otherwise provided by local rules, the cost of *printing,* or otherwise *producing* necessary *copies* of briefs * * * shall be taxable * * *. [Emphasis added.]

With the advent of word processing equipment, it is evident that a single piece of machinery may perform a variety of tasks each of which performable by just one machine previously. Appellee seems to contend that word processing costs are reproduction costs which are permitted under the *PepsiCo* case, and appellants contend that a word processor is no more than a fancy typewriter and utilization of such constitutes ordinary law office overhead expense. Thus, the multiple capability of a single machine is the root of the question in this motion.

■ It is clear that both Rule 39(c) and *PepsiCo* permit only those costs which were incurred in the printing or production of *copies* of briefs, appendices and records. Thus, the cost of using a word processor to print or produce copies is reimbursable; the word processor is used for its multiple, reproduction capability similar to that of a traditional typesetting or printing machine. The cost of using a word processor to produce the *original* of a brief, appendix or record is not reimbursable; the word processor is used for its typewriting capability. What is recoverable for using a word processor is, therefore, dependent on which capability it was used for.

■ In this motion, appellee claims a cost captioned "word processor charge" for producing one set (16 copies) of its brief each copy of which contained 58 pages, resulting in a total cost of $580.00. Although this document may have originally been produced by a word processor, an examination of this set of documents indicates that this set was not reproduced or printed by a word processor. Thus, the word processor was used only for its typewriting capability the cost of which is not reimbursable. If this set was printed by a word processor from an original document already residing in the machine, then the cost would have been allowed.

Accordingly, appellee's motion for $580.00 in word processing costs is DENIED.